IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAVEROUS WILLIAMS,

    Plaintiff,

v.                                                                CASE NO. 1:21-cv-129-AW-GRJ

ALACHUA COUNTY JAIL STAFF, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff's civil rights Complaint. ECF No. 1. For the reasons explained below, it is respectfully **RECOMMENDED** that Plaintiff's Complaint should be **DISMISSED** for failure to prosecute and for failure to comply with a court order.

Plaintiff initiated this lawsuit on August 10, 2021, alleging that Defendants failed to provide appropriate medical treatment for his illness (spinal cancer) while he was incarcerated. ECF No. 1. The undersigned screened the Complaint pursuant to 28 U.S.C. § 1915A and advised Plaintiff of some deficiencies that needed to be cured. ECF No. 6. First, although Plaintiff used the proper civil rights complaint form,[1] Plaintiff's

---
[1] N.D. Fla. Loc. R. 5.7(A).

allegations are too vague and conclusory to state a § 1983 claim against any of the named Defendants.  Second, Plaintiff's motion to proceed as a pauper is deficient in that he failed to complete the financial certificate and he failed to submit a copy of his inmate account statement for the 6-month period preceding the filing of his Complaint.  N.D. Fla. Loc. R. 5.3.

The Court advised Plaintiff, in some detail, of the pleading standard set forth in the Federal Rules of Civil Procedure (as described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), ECF No. 6 at 2, as well as the elements for establishing a "deliberate indifference" claim under the Eighth Amendment. ECF No. 6 at 4-5.  The undersigned gave Plaintiff the opportunity to correct these deficiencies by September 13, 2021, or face dismissal.  *Id.* at 6.

Plaintiff never responded to the Court's order.  On September 27, 2021, the Court ordered Plaintiff to show cause as to why his case should not be dismissed for failure to prosecute and for failure to comply with a court order.  ECF No. 7.  The Order was returned to the Court on October 13, 2021 as undeliverable.  Plaintiff is no longer in custody at the Alachua County jail, and he has not filed a notice of change of address with the

Court.[2]  More than two months after he was directed to amend his complaint and cure his IFP motion, Plaintiff has not done so.  The undersigned interprets this as evidence of Plaintiff's intent to abandon further litigation in this matter.  The Court thus concludes that Plaintiff's Complaint is due to be dismissed for failure to prosecute and failure to comply with a court order.

"[U]nder Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss a suit for failure to prosecute or failure to comply with an order."  *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019); *see also Foundry v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (federal courts possess an inherent authority to dismiss a complaint for failure to comply with a court order); *Sheraton Atlanta Hotel*, 618 F. App'x 987, 989-91 (11th Cir. 2015) (affirming dismissal of *pro se* complaint with prejudice for failure to comply with court orders where district court had given plaintiff detailed instructions on how to amend the complaint and plaintiff failed to amend in compliance with the order). While dismissal is an extraordinary remedy, dismissal upon

---

[2] The Clerk's instructions sent to *pro se* Plaintiffs at the onset of their case clearly states: "Throughout this case, you are required to advise the Clerk's Office **in writing** of any change of your mailing address by filing a Notice of Change of Address." Memorandum to Pro Se Litigants from the U.S. District Court Clerk's Office (N.D. Fla.), at ¶6 (emphasis in original).

disregard of an order, especially where the litigant has been forewarned, is permitted. *See State Exch. Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982).

Nevertheless, dismissal is a sanction of last resort that requires findings of "willful delay or conduct" and that "lesser sanctions will not suffice." *Jacobs v. Atlanta Police Dep't,* 685 F. App'x 827, 831 (11th Cir. 2017).

Plaintiff has failed to cure deficiencies the court pointed out more than two months ago.  Additionally, Plaintiff has essentially abandoned his case by not filing a change of address notice with the Court.  Finally, any sanction short of dismissal will not remedy Plaintiff's non-compliance. Dismissal of this case is appropriate.  *Garrett v. Birmingham Police Dep't*, 769 F. App'x 899, 900-01 (11th Cir. 2019); *Watts v. Ford Motor Co.*, 648 F. App'x 970, 972-73 (11th Cir. 2016).

Accordingly, it is respectfully **RECOMMENDED** that the Complaint, ECF No. 1, should be **DISMISSED without prejudice** for failure to prosecute and for failure to comply with a court order.

**IN CHAMBERS** this 18th day of October 2021.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.